UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-23811-MGC

**JULIENNE FONTES,**
and other similarly situated individuals,

    Plaintiff(s),

v.

**KABIRHU ASSOCIATES, LLC.,**
**ADIRHU ASSOCIATES, LLC.,** and
**SHELDON NEIDICH,** individually, and
**NORMAN GINSPARG,** individually, and
**PHILIP ESFORMES,** individually,

    Defendants.
_____/

## **PLAINTIFF'S STATEMENT OF CLAIM**

Plaintiff, JULIENNE FONTES (hereinafter "Plaintiff"), by and through undersigned counsel, hereby submits, pursuant to this Honorable Court's Order, dated October 20, 2015 as D.E. No. 5, Plaintiff's Statement of Claim. As grounds, Plaintiff respectfully states as follows:

1. Plaintiff has endeavored at this stage of litigation to formulate her Statement of Claim on the basis of the best data available. In addition, this response is based upon Plaintiff's counsel's understanding of the facts and the information reviewed thus far.

2. Although there has not been an opportunity for formal discovery, this Statement of Claim is submitted for the purpose of complying with this Honorable Court's Order of Court-Mandated Requirements in FLSA Case. Defendants and/or persons who are non-parties or who are no longer employees of Defendants may

1

have relevant information or documents, but Plaintiff is not purporting to provide in this Statement of Claim, confirmed information, if any, presently possessed by such persons.

3. Discovery is ongoing, thus this Statement of Claim, while believed to be accurate, does not constitute an affidavit or a binding statement and is subject to the Federal Rules of Evidence and Procedure. Because additional facts likely would be uncovered through discovery, the Plaintiff in no way waives her right to present new or additional information at a later date, for substance or clarification. Moreover, by submitting this Statement of Claim, the Plaintiff does not waive, and hereby preserves, any and all substantive and procedural rights that may exist.

4. **Initial Estimate of the Total Amount of Alleged Unpaid Wages**: Plaintiff Fontes at this time alleges that a pre-discovery estimate that is due and owing to Plaintiff Fontes is: **Ten Thousand Six Hundred and Eight Dollars and 00/100 ($10,608.00)**—this amount includes liquidated damages[1].

5. **Calculation of Unpaid Wages**: Plaintiff calculates the amount of unpaid wages that is due and owing as follows: The Fair Labor Standards Act requires that most employees be paid at least the Federal minimum wage for all hours worked and overtime pay at time and one-half the regular pay for all hours worked over forty (40) in a workweek. In the case at bar, the Plaintiff's pre-forty hours pay rate was above the mandated minimum wage. Specifically, Plaintiff Fontes was paid approximately $17.00 an hour from on or about December 2014 through on or about February 23, 2015 (approximately 12 weeks). Defendants failed to pay

---

[1] This amount is exclusive of any monies owed for Counts VI and VII in the Complaint, namely Retaliation. *See* [CM/ECF D.E. #1].

Plaintiff Fontes the proper overtime rate for all post-forty hours worked, as required by law. Had Defendants complied with the federal law, Plaintiff's overtime rate of pay would have been $8.50 per hour post-forty ($17.00 x 0.5), and $25.50 ($17.00 x 1.5) per hour for her off-the-clock overtime work. The calculations for unpaid overtime wages for Plaintiff Fontes are illustrated in the following chart:

6. Plaintiff Fontes performed work for Defendants as a non-exempt employee from on or about December 2014 through on or about February 23, 2015.

7. Throughout Plaintiff Fontes' employment, Plaintiff Fontes worked in excess of forty (40) hours each week, and was paid an hourly wage of approximately $17.00 an hour.

8. Plaintiff Fontes was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

9. Plaintiff Fontes, during the relevant time period, from on or about December 2014 through on or about February 23, 2015, worked approximately Forty (40) hours of overtime each week for twelve (12) weeks.

10. During relevant time period, Plaintiff Fontes worked approximately forty (40) overtime hours each week for which she was not paid at one and one half times her regular rate as provided by the FLSA. As such, Plaintiff Fontes' overtime rate is $8.50 (0.5 x $17.00) per hour for her approximately forty (40) hours of overtime each week.

11. As such, Plaintiff Fontes is owed approximately $4,080.00 ($8.50 overtime rate x 40 overtime hours each week x 12 weeks) in **unliquidated** overtime wages.

12. Additionally, Plaintiff Fontes performed approximately four (4) hours of off-the-clock overtime work for which she received no compensation. Plaintiff Fontes' overtime rate for the approximate four (4) hours of off-the-clock overtime work is $25.50 (1.5 x $17.00). As such, Plaintiff Fontes is owed approximately $1,224.00 ($25.50 off-the-clock overtime rate x 4 hours x 12 weeks) in **unliquidated** off-the-clock overtime wages.

13. As such, Plaintiff Fontes is owed approximately $5,304.00 ($4,080.00 in unpaid overtime wages + $1,224.00 in unpaid off-the-clock overtime wages) in **unliquidated** overtime wages, as well as an additional equal amount in **liquidated** damages, namely totaling $10,608.00 in **liquidated** overtime wages[2].

14. Nature of Wages: unpaid overtime wages.

|  | OVERTIME PREMIUM RATE PER HOUR OWED | APPROX. UNPAID OVERTIME HOURS WORKED PER WEEK | NUMBER OF WEEKS | TOTAL WAGES OWED (unliquidated) |
|---|---|---|---|---|
| JULIENNE FONTES | $8.50 | 40 HOURS | 12 WEEKS | $4,080.00 |
| JULIENNE FONTES | $25.50 | 4 HOURS | 12 WEEKS | $1,224.00 |

**WHEREFORE**, based on the foregoing, the Plaintiff files this Statement of Claim.

Dated: November 2, 2015

---

[2] This amount is exclusive of any monies owed for Counts VI and VII in the Complaint, namely Retaliation. *See* [CM/ECF D.E. #1].

Respectfully submitted by,

*[signature]*

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No. 533637
**Anaeli C. Petisco, Esq.**
Florida Bar No. 113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
Email: agp@rgpattorneys.com
Email: apetisco@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Jonathan Alan Beckerman, Esq.**
**Nicholas S. Andrews, Esq.**
Littler Mendelson, PC
333 SE 2nd Avenue
Suite 2700
Miami, Florida 33131
Telephone: 305-400-7500
Facsimile: 305-603-2552
Email: jabeckerman@littler.com
Email: nandrews@littler.com

*Counsel for Defendants*

by: *[signature]*

**Anaeli C. Petisco, Esq.**
Florida Bar No. 113376

5