## CONFIDENTIAL
## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("AGREEMENT") is entered into by and between JULIENNE FONTES ("FONTES") and KABIRHU ASSOCIATES, LLC, d/b/a GOLDEN GLADES NURSING AND REHABILITATION CENTER; ADIRHU ASSOCIATES, LLC; SHELDON NEIDICH; NORMAN GINSPARG; and PHILIP ESFORMES ("DEFENDANTS") (collectively "Parties"). The individual executing this Agreement on behalf of Defendants Adirhu Associates, LLC and Kabirhu Associates, LLC has all requisite capacity, power and authority to execute and bind Defendants Adirhu Associates, LLC and Kabirhu Associates, LLC to this Agreement, and to perform all obligations hereunder.

### RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS**, FONTES filed a lawsuit against DEFENDANTS that is currently pending with the United States District Court for the Southern District of Florida and that is designated as *Julienne Fontes v. Kabirhu Associates, LLC d/b/a Golden Glades Nursing and Rehabilitation Center, Adirhu Associates, LLC, Sheldon Neidich, Norman Ginsparg, and Philip Esformes*, Case No. 1:15-cv-23811-MGC (the "Lawsuit");

B. **WHEREAS**, DEFENDANTS deny the validity of FONTES's claims and denies that they are subject to any liability; and

C. **WHEREAS**, all wages concededly due to FONTES have been unconditionally paid; and

D. **WHEREAS**, all Parties wish to settle their differences without resort to further litigation; and

E. **WHEREAS**, DEFENDANTS are willing to provide FONTES with certain considerations described below, which they are not ordinarily required to, provided FONTES releases DEFENDANTS from any claims FONTES has made or might make arising out of her employment with DEFENDANTS and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the term "DEFENDANTS" shall include the following:

    (A) KABIRHU ASSOCIATES, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Kabirhu Associates, LLC;

    (B) Any officer, director, trustee, agent, employee, or insurer of an entity encompassed by subparagraph (A);

    (C) ADIRHU ASSOCIATES, LLC, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Adirhu Associates, LLC;

    (D) Any officer, director, trustee, agent, employee, or insurer of an entity encompassed by subparagraph (C);

    (E) NORMAN GINSPARG, as well as any of his heirs, executors, administrators, and assigns;

    (F) SHELDON NEIDICH, as well as any of his heirs, executors, administrators, and assigns; and

    (G) PHILIP ESFORMES, as well as any of his heirs, executors, administrators, and assigns.

3. **Settlement Sum:** As consideration for signing this AGREEMENT and compliance with the promises made herein, DEFENDANTS agree to pay to FONTES Seven Thousand Five Hundred and No/100 Dollars ($7,500), less lawful deductions. Defendants will mail or deliver the settlement proceeds to Anthony M. Georges-Pierre, Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130. The settlement amountsshall be allocated as follows:

    (A) A total of Three Thousand and No/100 Dollars ($3,000), less lawful deductions, shall be made payable as wage-based compensatory damages to FONTES, for which a W-2 shall be issued;

    (B) A total of Five Hundred Sixty Four and No/100 Dollars ($564) shall be made payable as consideration for Plaintiff's General Release of Claims, as detailed in Paragraph 5 of this Agreement.

(C)   A total of Three Thousand Nine Hundred Thirty-Six and No/100 Dollars ($3,936) shall be made payable to FONTES's legal counsel, Remer & Georges-Pierre, PLLC, tax ID # 36-46223742, for attorneys' fees and costs incurred in securing the General Release of Claims ($2,000) detailed in Paragraph 5 of this Agreement, as well as attorneys' fees and costs incurred in litigating Plaintiff's FLSA claims ($1,936).

DEFENDANTS shall provide the consideration identified in this paragraph 3 within ten (10) days of Court approval of the settlement after receiving all of the following items: (1) an original of this AGREEMENT signed and dated by FONTES; (2) fully-executed tax forms for all individuals/entities receiving checks; (3) full cooperation from FONTES and her counsel in securing Court approval of this AGREEMENT, and (4) an Order from the Court approving the parties' settlement and dismissing this Lawsuit with Prejudice, which is a condition to this AGREEMENT.

In the event a payment is not timely received, FONTES will provide written notice to DEFENDANTS' counsel via email at jabeckerman@littler.com and DEFENDANTS will have five (5) calendar days to cure. If FONTES has not received payment upon the expiration of this five (5) calendar day period, FONTES shall immediately be entitled to a consent judgment against DEFENDANTS, for all unpaid portions of the settlement funds for which interest shall accrue on the unpaid portion at the rate of 4.75% annually, as detailed in Florida Statute Section 55.03(1).

This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after DEFENDANTS has received from FONTES all of the items described in this paragraph). It is understood that the total payment ever due FONTES as consideration for this AGREEMENT is the gross sum of Seven Thousand Five Hundred and No/100 Dollars.

4.   **Consideration:**   FONTES understands and agrees that she would not receive the monies and/or benefits specified in paragraph 3, above, but for her execution of this AGREEMENT and the fulfillment of the promises contained herein.

5.   **General Release of Claims:**   In exchange for, and in consideration of, the payments, benefits, and other commitments described above, FONTES, for herself and for each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges DEFENDANTS and each of their predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related

Persons"), as well as their heirs, executors, and administrators, of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that FONTES may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Charge, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this AGREEMENT, as well as paragraph 7 of this AGREEMENT, have been fully paid to FONTES prior to the execution of this AGREEMENT, or are fully paid by way of paragraph 3 of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits. FONTES also releases any and all claims she may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; the Genetic Information Nondiscrimination Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended; the National Labor Relations Act; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim. FONTES further represents and affirms that she has not made any request for leave pursuant to the Family and Medical Leave Act which was not granted, nor has DEFENDANTS interfered in any way with her efforts to take leave pursuant to the Family and Medical Leave Act.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT. Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights FONTES may have that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished, including the filing of a charge with the Equal Employment Opportunity Commission ("Commission") or National Labor Relations Board ("NLRB"), or any other federal, state, or local agency, or from participating in any investigation or proceeding conducted by such administrative agencies. However, FONTES understands and agrees that she is releasing DEFENDANTS from any and all claims by which she is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by FONTES or on FONTES's behalf. Accordingly, FONTES is waiving any claim that she

may have to receive monetary damages in connection with any Commission, NLRB or other agency proceeding concerning the matters covered by this AGREEMENT.

6. **Tax Liability:** FONTES understands that DEFENDANTS shall issue an IRS Form 1099 for those portions of the payment specified in paragraph 3 of this AGREEMENT that are not subject to withholding. In paying the amount specified in paragraph 3, DEFENDANTS make no representation regarding the tax consequences or liability arising from said payment. FONTES understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. DEFENDANTS have no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sum referenced in paragraph 3 of this AGREEMENT to FONTES). FONTES agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums. FONTES further agrees to hold DEFENDANTS harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event DEFENDANTS receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against DEFENDANTS, DEFENDANTS shall promptly, after receipt of such written notice, notify FONTES by letter sent to FONTES.

7. **Affirmations:** FONTES represents and affirms that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due her, except as provided for in this AGREEMENT.

8. **No Further Employment:** FONTES acknowledges that her employment with DEFENDANTS terminated effective February 1, 2015. FONTES permanently, unequivocally, and unconditionally waives any and all rights FONTES may now have, may have had in the past, or may have in the future to obtain or resume employment with DEFENDANTS. FONTES agrees never to apply for employment with DEFENDANTS, their parents, successors, affiliates, and subsidiaries. In the event that FONTES is ever mistakenly employed by DEFENDANTS, their parent, successors, affiliates, and/or subsidiaries, FONTES agrees to have her employment terminated with no resulting claim or cause of action against DEFENDANTS, their parent, successors, affiliates, and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Confidentiality:** In consideration for the obligations undertaken in this AGREEMENT, FONTES agrees that this AGREEMENT and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither FONTES nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of DEFENDANTS, under any circumstances, except FONTES may disclose the terms of this AGREEMENT to her attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 10 and all of its subparts.

    (A) If FONTES is required to disclose this AGREEMENT, its terms or underlying facts pursuant to court order and/or subpoena, FONTES shall notify DEFENDANTS, in writing via facsimile or overnight mail, within 24 hours of her receipt of such court order or subpoena, and simultaneously provide DEFENDANTS with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 21. FONTES agrees to waive any objection to DEFENDANTS's request that the document production or testimony be done *in camera* and under seal.

    (B) FONTES acknowledges that a violation of paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to DEFENDANTS in an amount incapable of precise determination. Accordingly, FONTES agrees that DEFENDANTS shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 10 and all of its subparts, in addition to any other available remedies.

    (C) The Parties agree that the terms of paragraph 10 above and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in paragraph 10 and 10(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages and injunctive relief. The Parties agree that damages sustained by such breach would be impractical

or extremely difficult to determine and, therefore, agree that in the event that FONTES, or any of the individuals identified in paragraph 10(A), violates this paragraph 10 or any of its subparts, FONTES shall pay DEFENDANTS liquidated damages in the sum of Five Hundred and No/100 Dollars ($500) for each violation. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

11. **Non-Disparagement:** FONTES agrees that she will not provide information, issue statements, or take any action, directly or indirectly, that would cause DEFENDANTS embarrassment or humiliation or otherwise cause or contribute to DEFENDANTS being held in disrepute. Defendants Philip Esformes, Norman Ginsparg, and Sheldon Neidich shall not, directly or indirectly through a third party, disparage or denigrate Plaintiff. Defendants Philip Esformes, Norman Ginsparg, and Sheldon Neidich will not make any statement or take any action that is intended to disparage or denigrate Plaintiff. Further, Defendants Adirhu Associates, LLC and Kabrihu Associates, LLC agree to provide a neutral employment reference to any third party who may subsequently inquire about FONTES's employment history with KABIRHU provided that FONTES list Andrew Bronfeld as the reference contact. Such employment reference shall only disclose FONTES's dates of employment, position(s) held, and final rate of pay.

12. **Governing Law and Jurisdiction:** The parties acknowledge that approval of this AGREEMENT by the Court is a prerequisite to its validity. The parties agree that the AGREEMENT shall not become effective or enforceable until the Court approves the AGREEMENT and enters the Final Judgment of Dismissal. This AGREEMENT shall be interpreted, governed and conformed in accordance with the laws of the state of Florida without regard to its conflict of laws provision. This Agreement shall be subject to the exclusive jurisdiction of the United states District Court, Southern District of Florida, which shall retain jurisdiction to enforce this Agreement. In the event FONTES or DEFENDANTS breaches any provision of this AGREEMENT, FONTES and DEFENDANTS affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT.

13. **Conditions:** Should any party to this Agreement be required to enforce the terms of this Agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

14. **No Admission of Liability:** The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose

as an admission by DEFENDANTS of any liability or unlawful conduct of any kind.

15. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

16. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. FONTES agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of DEFENDANTS has the authority to modify this AGREEMENT on behalf of DEFENDANTS.

17. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between the Parties and shall not be construed against the "drafter" of the AGREEMENT.

18. **Severability:** The Parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT. To the extent any provision herein that relates to the General Release of Claims described in paragraph 5 above is deemed to be illegal, invalid, or unenforceable, DEFENDANTS are not obligated to honor any of the terms set forth herein and FONTES shall return any amounts paid by DEFENDANTS as set forth in paragraph 3(a) and (b).

19. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

20. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior

obligation of DEFENDANTS to FONTES. FONTES acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

21. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

**DEFENDANTS**
(Kabirhu Associates, LLC; Adirhu Associates, LLC;
Philip Esformes; Norman Ginsparg; Sheldon Neidich)
c/o Jonathan Beckerman, Esq.
LITTLER MENDELSON, P.C.
333 SE 2nd Avenue
Suite 2700
Miami, FL 33131
Ph: 305.400.7500
Fax: 305.603.2552

**JULIENNE FONTES**
c/o Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler St., Suite 2200
Miami, FL 33130
Ph: 305.416.5000
Fax: 305.416.5005

22. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this

AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

**Counterparts:** This AGREEMENT may be signed in counterparts, fax copies to be considered original.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, FONTES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

**ACCEPTED AND AGREED**

By: _____  Date: 2/4/16
JULIENNE FONTES

By: _____  Date: 2/4/16
Norman Ginsparg on behalf of Kabirhu Associates, LLC

By: _____  Date: 2/4/16
Norman Ginsparg on behalf of Adirhu Associates, LLC

By: _____  Date: 2/4/16
Norman Ginsparg

By: _____  Date: 2/4/16
Philip Esformes

By: _____  Date: 2/4/16
Sheldon Neidch